# N. Y. SUPERIOR COURT.

## SMITH agt. McDONALD.

*Motion to set aside subpœna duces tecum — examination of defendant before trial.*

A *subpœna duces tecum* may be resorted to on the examination of any person as a witness, whether a party or not, and whether he be examined at the trial, or previously.

But a *subpœna duces tecum* may not be used as a means of obtaining a discovery, and the party calling for the production of books and papers on the preliminary examination of a party, or other witness, before trial, will be required to pursue the examination with respect to their contents, in the same manner, and subject to the same rules as if the trial were actually proceeding in court.

There is no discrepancy between sections 390 and 391 of the Code, providing for the examination of a defendant as a witness before trial, and section 388, under which, in certain cases, an inspection and copy of books and papers may be obtained.

*Special Term, January,* 1876.

MOTION to set aside *subpœna duces tecum,* issued on the examination of defendant as a witness, before trial, pursuant to sections 390 and 391 of the Code.

*M. M. Budlong,* for plaintiff.

*Blumenstiel & Ascher,* for defendants.

SANDFORD, *J.*— The defendant contends that the only mode in which his adversary can, before trial, secure evidence contained in the books of account kept by him, or in documents

*of* which he has the exclusive possession, is by an application for "discovery," under section 388 of the Code, and according to the requirements of supreme court rules 18, 19 and 20; in other words, that the plain and express provisions of sections 390 and 391, which authorize the compulsory examination of a party as a witness at the instance of the adverse party, before trial, "in the same manner, and subject to the same rules of examination as any other witness," must be rejected, as repugnant to, or inconsistent with, the privileges accorded by section 388, under which, in certain cases, an inspection and copy of books and papers containing evidence relating to the merits, may be obtained through the order of the court or a judge or justice thereof, in their discretion.

It is a settled rule of construction, that if there be a discrepancy between two statutes, or different parts of the same statute, such an exposition of them should be made as will enable both to operate and have effect.

But I think there is no discrepancy between the two sections of the Code which prescribe the remedies now in question. The purpose to be attained by the one is entirely different from that contemplated by the other, and both may be properly pursued in the same cause, either concurrently or at different stages of the litigation, as the exigencies of the case may require. The books or papers, of which an inspection or copy is procured under section 388, do not thereby become evidence in the cause. The party producing them may not, by virtue of their production, use them as evidence in his own favor; and he at whose instance they are produced must, upon the trial, if he would put them in evidence, resort to the same process and subject to the same rules, with respect to their production and admissibility as if no such discovery had been made. But if called for and produced under *subpœna duces tecum,* whether at or before the trial, the party calling for them does so at his peril, and if he decline to put them in evidence, his adversary is at liberty to offer them in

Smith agt. McDonald.

his own behalf, if they are material, notwithstanding their inadmissibility as evidence in his favor, except for such call.

I think a *subpœna duces tecum* may be resorted to on the examination of any person as a witness, whether a party or not, and whether he be examined at the trial, or previously; and that it would be unreasonable and unjust to withhold that process merely because a discovery is also allowed, under certain special circumstances. But a *subpœna duces tecum* may not be used as a means of obtaining a discovery, and the party calling for the production of books and papers, on the preliminary examination of a party or other witness before trial, will be required to pursue the examination, with respect to their contents, in the same manner, and subject to the same rules as if the trial were actually proceeding in court.

I am aware that there is some conflict of decision, in the different courts, on this question; but the conclusion at which I have arrived is amply sustained, not only by the informal direction of judge SEDGWICK, already made in the case at bar (to which I should unhesitatingly defer, even were my own views in conflict with his), but by repeated adjudications of the appellate branch of this court, to whose authority I am bound to submit (*Valunte* agt. *Dyckman*, 24 *How. Pr. R.*, 222; *Central National Bank* agt. *Arthur*, 2 *Sweeney*, 194; *Central National Bank* agt. *White*, 37 *Sup'r Ct.*, 297). This motion must be denied, with costs.